Jacob R. EVSEROFF, Plaintiff,

v.

THE INTERNAL REVENUE SERVICE, An Agency of the Government of the United States of America, sued pursuant to "the taxpayers Bill of Rights 2" of 1996, Defendant.

No. 97–CV–2317 (DRH).

United States District Court, E.D. New York.

Aug. 11, 1999.

B. Mark Mogil, Mineola, NY, for plaintiff.

Alan Shapiro, Trial Attorney, Tax Division, U.S Department of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

HURLEY, District Judge.

Presently before the Court are the motion of Defendant Internal Revenue Service (the "I.R.S." or "Defendant") for an extension of time to answer the complaint (the "Extension Motion") and the motion of Plaintiff Jacob R. Evseroff ("Plaintiff") for entry of a default judgment (the "Motion for Default").[1] For the reasons set forth below, the Extension Motion is granted and the Motion for Default is denied.

## BACKGROUND

Plaintiff served his complaint on Defendant on April 29, 1997. Pursuant to Federal Rule of Civil Procedure ("Rule") 12(a)(3), Defendant was required to serve an answer within 60 days after service of the complaint on it. Accordingly, Defendant's answer was to be served on or before June 29, 1997.

On June 26, 1997, Defendant's counsel called Plaintiff's counsel to notify him that he had just been assigned the case and wished to move for a 45–day extension of time to answer, on consent, because he had not yet received the administrative case files from the I.R.S. Plaintiff denied such consent.

On July 2, 1997, Defendant's Extension Motion was received by the District Court.[2] In the Extension Motion, Defendant represented that the I.R.S. was unable to provide Defendant's counsel with its administrative case file in time to submit an answer, and without that file, Defendant would be unable to appropriately answer the Complaint. Defendant requested the 45–day extension in order to allow the time necessary for Defendant to receive the file from the I.R.S. Pursuant to the Individual Rules of Judge Arthur D. Spatt (the District Judge to whom the case was assigned at the time), Defendant was not permitted to file the Extension

Motion with the Court until it was fully briefed. Accordingly, Defendant's motion papers were returned to it for filing at an appropriate time.

On July 2, 1997, Plaintiff filed a request to enter default (the "Motion for Default"). On July 9, 1997, Defendant filed its opposition to the Motion for Default, contending that his request for extension was proper and that the late service of his motion was excusable and not grounds for a default judgment.

By letter filed July 10, 1997, Defendant, *inter alia,* requested the relief sought in the motion papers that it had attempted to file earlier and attached a copy of those papers. Plaintiff responded to Defendant's July 10, 1997 filing by letter filed July 11, 1997.

Also on July 11, 1997, Plaintiff filed his opposition to the Extension Motion and cross-moved for entry of a default judgment.

## DISCUSSION

The Court will address the pending motions in the order in which they were accepted for filing.

### The Motion for Default

■ The Local Rules of the United States District Courts for the Eastern and Southern Districts of New York (the "Local Rules") provide, in pertinent part:

> [T]he party seeking a judgment by default shall apply to the court as described in Federal Rule of Civil Procedure 55(b)(2), and shall append to the application (1) the clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment.

Local Rule 55.2(b). Plaintiff has not appended the Clerk's certificate of default to his Motion for Default. As of the date hereof, no Clerk's certificate of default has even been signed. Accordingly, the Motion for Default is defective and is denied on that basis.

---

1. The Court temporarily stayed decision of the motions pending determination by the New York State Appellate Division, Second Department, of the status of Plaintiff's counsel to practice law.

2. Defendant served the Extension Motion on Plaintiff on June 27, 1997. (*See* Certificate of Service annexed to Extension Motion, filed stamped July 2, 1997.)

*The Extension Motion*

Rule 6 provides, in pertinent part:

(b) *Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed.R.Civ.P. 6(b). Based on the Court's review of the file, the Court concludes that Defendant has established excusable neglect and grants the Extension Motion pursuant to Rule 6(b)(2).

## CONCLUSION

For the reasons set forth above, the Extension Motion is granted and the Motion for Default is denied.

Plaintiff is directed to serve a response to Defendant's summary judgment motion by September 6, 1999. Defendant's reply, if any, must be served by October 1, 1999.

SO ORDERED.